## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In re: Guardianship of A.C.**

**FILED**

June 19, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 13-1120** (Kanawha County 11-FIG-32)

## MEMORANDUM DECISION

Petitioner Donald C.[1], by counsel Mark A. Swartz and Mary Jo Swartz, appeals the Circuit Court of Kanawha County's order denying petitioner's petition for appeal from the Family Court of Kanawha County, entered on October 1, 2013. Respondent Brooke B., by counsel Andrew S. Nason, filed a response in support of the circuit court's order. Guardian ad litem for A.C., Sharon K. Childers, has also filed a response in support of the circuit court's order. Petitioner filed a reply to each response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This guardianship case has a significant history before the courts of this state. A.C. was born in February of 2003. Her biological mother is Leslie F., and her biological father is Petitioner Donald C. In a paternity action filed in the Family Court of Cabell County in 2004, Donald C. was granted primary custody of A.C. Although Leslie F. was granted visitation rights, she has had little contact with the child and has not had a meaningful relationship with A.C. in many years. At the time of the paternity action, Donald C. was living with Respondent Brooke B. Brooke B. asserts that after Donald C. was granted primary custody, she began performing more than half of the parenting tasks for A.C. For the next seven years, Brooke B. acted as a parent to A.C., including, but not limited to, providing financial support; feeding, clothing, and bathing her; supervising her educational and extracurricular activities; and, taking her to required appointments. Brooke B. cared for the child solely when Donald C. had to travel frequently for his job.

In 2009, Donald C. and Brooke B. ended their relationship. Brooke B. moved out of the home and into her own home in Kanawha County. A.C. moved into that home with Brooke B.,

---

[1] Due to the sensitive facts involved in this case, we refer to petitioner and the other involved parties by their initials. *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

attended school in Kanawha County, and participated in extracurricular activities in Kanawha County. Based on the testimony of several witnesses, the family court found that A.C. lived in this home until approximately February of 2011.

On January 6, 2011, Donald C. pleaded guilty to tax evasion and bank fraud before the United States District Court for the Southern District of West Virginia. Around this time, Donald C. brought A.C. back to his home to live. Brooke B. alleges that this was a ploy to establish himself as a single parent in an attempt to lessen his sentence. On January 18, 2011, Brooke B. filed a motion to intervene in the paternity case in the Family Court of Cabell County. Her motion asserted that she had been A.C.'s psychological mother since the child was twenty months old and that the child had been living with her in Kanawha County. She asked for appointment as A.C.'s guardian while Donald C. was incarcerated. The Family Court of Cabell County transferred the case to the Family Court of Kanawha County based on Brooke B.'s residence and A.C.'s residence. Donald C.'s counsel then filed a motion to dismiss with the Family Court of Kanawha County. He did not challenge venue but asserted that he was the primary caretaker of A.C. and that Brooke B. was not a psychological parent. The Family Court of Kanawha County denied the motion to dismiss and ordered Brooke B. and Donald C. to divide their custodial time with A.C. and to keep A.C. in her private school in Kanawha County.

In March of 2011, Donald C. filed another motion to dismiss after obtaining new counsel, this time claiming that the Family Court of Kanawha County did not have subject matter jurisdiction to hear Brooke B.'s case because he and A.C. lived in Putnam County. The Family Court of Kanawha County set a hearing to hear the motion, but Donald C. filed a petition for writ of prohibition before the Circuit Court of Kanawha County, claiming lack of subject matter jurisdiction in Kanawha County. On June 29, 2011, the Circuit Court of Kanawha County granted the writ of prohibition, finding that A.C.'s residence was that of her father, which was in Putnam County. Shortly thereafter, Donald C., who had since moved to Boone County, filed a guardianship proceeding before the Family Court of Boone County. On July 18, 2011, Donald C. had his mother, Tonette C., appointed as A.C.'s guardian. A.C. then moved to Logan County with her grandparents. Brooke B. was not given notice of these proceedings.

Meanwhile, Brooke B. appealed the June 29, 2011, order of the Circuit Court of Kanawha County to this Court. On January 24, 2013, this Court issued *Brooke B. v. Donald Ray C.,* 230 W.Va. 355, 738 S.E.2d 21 (2013), which reversed the Circuit Court of Kanawha County's grant of Donald C.'s petition for writ of prohibition, finding that the Family Court of Kanawha County did have subject matter jurisdiction as the residence of the minor, not the residence of the biological parent, controls. This Court also noted that the protracted litigation had caused the participants to lose sight of the best interests of the child. *Id.*, 230 W.Va. at 362, 738 S.E.2d at 28.

On September 21, 2011, Donald C. was sentenced to fifty-one months in federal prison. While the appeal was pending before this Court, multiple hearings were held before the Family Court of Boone County. Brooke B. was repeatedly kept from seeing the child. However, on August 15, 2012, an order was entered by the Family Court of Boone County granting Brooke B. visitation every other weekend. Donald C.'s counsel then began representing Tonette C., and

filed a petition for writ of prohibition with the Circuit Court of Boone County, alleging that the Family Court took action that exceeded its jurisdiction. That matter became moot following the decision in *Brooke B. v. Donald Ray C.* Tonette C. then filed a motion to transfer all matters to the Family Court of Logan County, but pursuant to *Brooke B.,* the case remained in the Family Court of Kanawha County.

A final hearing occurred before the Family Court of Kanawha County on June 12, 2013, at which time the current guardian ad litem was appointed and another evaluation of the child was ordered. At a July 12, 2013, hearing, the guardian reported that the child sought to visit Brooke B. more frequently, but was unsure as to where she wished to live. Further, the guardian noted that Donald C. and his family were placing extreme pressure on her to remain in Logan County, West Virginia, and that the litigation and turmoil in A.C.'s life were causing her serious psychological problems. The guardian recommended temporary termination of communication between Donald C. and A.C. based on the pressure being exerted on A.C. in relation to these proceedings.

On August 19, 2013, the Family Court of Kanawha County entered an order vacating the appointment of Tonette C. as A.C.'s guardian and appointing Brooke B. as guardian. Further, Brooke B. was granted custody of A.C. until Donald C. is released from prison, at which time the court will revisit the custody order. Visitation of alternate weekends and shared holidays is ordered with Tonette C. Donald C. and Tonette C. jointly appealed this order to the Circuit Court of Kanawha County, which denied the petition for appeal from the Family Court of Kanawha County by order entered on October 1, 2013. Donald C. appeals from this denial.

We review a circuit court's denial of the appeal from a family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, Donald C. argues two assignments of error. First, he argues that he was denied his constitutional rights to parent A.C., including his right to make living arrangements for her to live with Tonette C. while he is incarcerated. Secondly, he argues that the family court erred in failing to affirmatively determine A.C.'s residency at the time Brooke B.'s motion to intervene was filed and thereby determine if venue was proper in Kanawha County.

Our review of the record reflects no clear error or abuse of discretion by the circuit court. The family court properly found that Donald C. had already made decisions regarding the parenting of A.C. when he allowed Brooke B. to become her psychological parent and that "he cannot now run roughshod over the best interests of the child." As to the determination of A.C.'s residency, the family court made detailed findings regarding the child's living situation with

Brooke B. in Kanawha County, detailing how, for example, Brooke B. maintained A.C.'s school papers, how A.C. celebrated holidays in the Kanawha County home, how friends of A.C. dropped her off at the home, how Brooke B.'s address was A.C.'s official school address, and how Brooke B.'s authority to give consent for medical treatment of A.C. was never challenged.

Having reviewed the circuit court's "Order Denying Petition for Appeal" entered on October 1, 2013, and the family court's "Final Order Allocating Custodial Responsibility and Appointing Guardian" entered on August 19, 2013, we hereby adopt and incorporate the circuit court and family court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court and family court's orders to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Brent D. Benjamin

4